## Huff v. Huff.

*Divorce—Trial by jury—Desertion.*
In an action for divorce where a jury trial is likely to be prejudicial to public morals, the application must be, and in all other cases it may be, denied. It is a matter for the exercise of the sound discretion of the court alone.

Motion for trial by jury. C. P. Lackawanna Co., Nov. T., 1925, No. 676.

*Kaufman, Mattes & Levy*, for libellant; *C. Comegys*, for respondent.

NEWCOMB, P. J., Dec. 24, 1926.—Divorce at suit of the wife for cause of desertion. Dec. 13th inst., the motion for jury trial was discharged on the ground of laches. The case had then been pending more than a year, and it was understood to have been listed for trial before the motion was presented. That turned out to be a mistake of fact, and, at defendant's instance, the motion was reinstated.

At the reargument it was earnestly pressed by counsel, whose professional judgment is held in high esteem. If the issue were on a legal question one would not lightly reject his views. But that is not the nature of the controversy. Where a jury trial is likely to be prejudicial to public morals the application *must* be, and in all other cases it *may* be, denied.

It is an occasion, therefore, for the exercise of sound discretion alone.

The discussion by counsel developed the fact that the parties are permanently separated. Such tender as the writer took the liberty to make of his services in an effort to bring about a reconciliation was not openly spurned, but he was given to understand rather pointedly that the suggestion could not be considered, as the proposal was hopeless.

In short, it appeared that both parties are determined on being divorced. Indeed, each has a suit pending against the other, both charging desertion. True, that of the husband in Lehigh County is of recent date. The writ was issued Nov. 18th, the same day the present application was made here. The only question, therefore, upon which they dispute is at whose suit the marriage shall be dissolved, coupled with the husband's preference for trial by jury.

Both parties are well connected. They are respectively the son and daughter of families conspicuous in the business and social life of the towns in which they were reared; the wife in this city, the husband in Bethlehem. Evidently they are hopelessly mismated and have become mutually embittered. No good purpose could be served by parading before the public the details of their domestic troubles. The prominence of their families would only serve to pique and sharpen the morbid appetite for social scandal. The case is distressing enough at best. The less publicity that can be given to their altercation the better. The defendant will not be prejudiced for want of a trial by jury. If the wife is prepared to make out a meritorious case, the court will know it. If she fails, it will be equally apparent to the court.

Believing it to be best for all concerned, the motion is denied and the rule to show cause discharged.

From William A. Wilcox, Scranton, Pa.